ROYAL BAKING POWDER Co. *v.* DAVIS and others.

(*Circuit Court, E. D. Michigan.* November 5, 1885.)

1. TRADE-MARK—"ROYAL BAKING POWDER"—"CORAL BAKING POWDER."
    The words "Coral Baking Powder," in connection with the color of the label on which they appear, and the general appearance of the cans bearing the label, are calculated to deceive the public, although in themselves they are no infringement on the trade-mark "Royal Baking Powder."

2. SAME—INJUNCTION, THOUGH NO INFRINGEMENT.
    Injunction granted to restrain the use of the words "Coral Baking Powder," the same being calculated, in connection with a similarity in the labels and cans, to mislead the public into mistaking the one for the other.

In Equity.

*Isaac Marston,* for plaintiff.

*John D. Conely,* for defendant.

BROWN, J. This is a bill in equity for the infringement of plaintiff's trade-mark, which consists of the words "Royal Baking Powder," used in connection with labels of a particular design and color, applied to the cans containing the article manufactured by plaintiff.

The defendants make use of cans of precisely the same size and shape, to which are affixed labels of the same colors and general design as those of the plaintiff, with the words "Coral Baking Powder" thereon. The answer avers "that the shape and size of the can described in the bill is a common mercantile article in the market, and is made by different manufacturers for holding baking powders;" that "the colors on the labels are also in common use by baking powder manufacturers;" and denies that the colors and devices mentioned in the bill, in combination with each other, or with any other matter or thing, constitute a trade-mark. The labels used by defendants' firm are similar to those used by the plaintiff in their color, and to the extent that one-half of the label has a red ground with white letters and the other half a yellow ground with black letters. The corner ornamentations upon the red half are the same, but the words upon this ornamentation differ. The word "Royal" on plaintiff's red ground is in good-sized letters. The word "Coral" on defendants' is in larger letters. In the center of plaintiff's red ground the ornamentation is a picture of a Royal baking powder can in a circle. In the center of defendants' red ground is a circle containing therein the words "Trademark," with a large picture below of a piece of coral.

I do not think the use of the words "Coral Baking Powder" is in itself an infringement of plaintiff's trade-mark,—"The Royal Baking Powder." The difficulty is with the similarity of the labels upon which the words are used. The general arrangement of the words being the same, the devices upon the cans being very much alike, and the labels of the same color and general appearance, I think purchasers might be very easily deceived into buying the one

for the other. The injunction, then, will not extend to the use of the words "Coral Baking Powder," but to their use in connection with cans and labels of the same general appearance as those of the plaintiff.